Samuel Kadosh (SBN 4686010)
skadosh@reedsmith.com
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone:  212.521.5400
Facsimile:  212.521.5450

Attorneys for Defendant
Health Care Service Corporation d/b/a
Blue Cross and Blue Shield of Texas

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SM FINANCIAL SERVICES CORPORATION, AS ASSIGNEE OF NEIGHBORS GP, LLC<br><br>Plaintiff,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF TEXAS,<br><br>Defendant. | Case No. 3:19-cv-17497 (MAS) (ZNQ)<br><br>**DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE**<br><br>**MOTION DAY: FEB. 3, 2020**<br><br>Honorable Michael A. Shipp |

# TABLE OF CONTENTS

**Page**

I.    LEGAL ARGUMENT ................................................................................................ 1

    A.    Plaintiff's Clarification That It Alleges Only Breach Of Contract Does Not Salvage Its Insufficiently Pled Claim. ......................... 1

    B.    This Case Should Be Dismissed Because Plaintiff Concedes That This Court Lacks Personal Jurisdiction Over Defendant .................. 4

CONCLUSION ................................................................................................................ 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adeleke v. United States*,
    355 F.3d 144 (2d Cir. 2004) ................................................................................................... 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................... 2, 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................... 2, 3, 4

*Buchanan v. Manley*,
    145 F.3d 386 (D.C. Cir. 1998) ............................................................................................... 5

*Dulong v. Citibank (S.D.), NA.*,
    261 S.W. 3d 890 (Tex. App. 2008) ........................................................................................ 2

*Ibe v. Jones*,
    836 F.3d 516 (5th Cir. 2016) ............................................................................................. 2, 3

*IMO Indus., Inc. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998) ................................................................................................... 4

*Lage v. Chapdelaine*,
    No. 3:10-CV-1030 JCH, 2010 WL 4688820 (D. Conn. Nov. 10, 2010) ................................ 5

*McFarland v. Memorex Corp.*,
    493 F. Supp. 657 (N.D. Cal. 1980) ........................................................................................ 6

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
    735 F.2d 61 (3d Cir. 1984) ..................................................................................................... 4

*United States v. Foy*,
    803 F.3d 128 (3d Cir. 2015) ................................................................................................... 5

*Villarreal v. Wells Fargo Bank, N.A.*,
    814 F.3d 763 (5th Cir. 2016) .................................................................................................. 2

*Wilkerson v. New Media Tech. Charter Sch. Inc.*,
    522 F.3d 315 (3d Cir. 2008) ................................................................................................... 4

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

-ii-
DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS AND IN
OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

*Wright v. Christian & Smith,*
   950 S.W.2d 411 (Tex. App. 1997) .............................................................................. 2

**Statutes**

28 U.S.C. § 1391 ................................................................................................................ 6

28 U.S.C. § 1404 ................................................................................................................ 4

28 U.S.C. § 1406 ................................................................................................................ 5

28 U.S.C. § 1631 ................................................................................................................ 5

**Other Authorities**

Fed. Proc. L. Ed. § 1:747 ................................................................................................... 4

DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS AND IN
OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

**PRELIMINARY STATEMENT**

Plaintiff maintains that its two-page Complaint seeking $2.3 million states a cause of action for breach of contract, without disputing that it does not allege the existence, terms, or breach of a contract, nor Plaintiff's own performance under that contract. Plaintiff does not allege *any* contractual agreement between HCSC and Plaintiff, much less with the thirteen emergency centers located throughout Texas on whose behalf Plaintiff purports to seek $2.3 million from HCSC.[1] Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim.

The Complaint also should be dismissed because HCSC is not subject to personal jurisdiction in New Jersey. Plaintiff now admits as much, but asks the Court to transfer, rather than dismiss the action. However, transferring Plaintiff's deficiently pled complaint to Texas, where it will be subject to the same arguments for dismissal, is neither efficient nor in the interests of justice, which is what is required to avoid dismissal.

For these reasons, and as discussed below, Plaintiff's Complaint should be dismissed.

**I.   LEGAL ARGUMENT**

**A.   Plaintiff's Clarification That It Alleges Only Breach Of Contract Does Not Salvage Its Insufficiently Pled Claim.**

HCSC's moving brief sought dismissal of Plaintiff's claim on the grounds that Plaintiff did not clearly articulate which cause of action it was asserting, and because the two-page complaint only contained conclusory allegations. Plaintiff has now clarified that the complaint seeks "to establish a cause of action under a breach of contract theory of recovery" based upon a "book account." (Opp. at 8, ECF No. 10).

---

[1] Capitalized terms not defined in this brief shall have the meaning given in Defendant's moving brief. Because BCBSTX is an unincorporated division of HCSC, it is not properly named as a defendant, and HCSC should have been named as the defendant instead.

-1-

Yet Plaintiff still fails to state a claim that is "plausible on its face," which means that the facts alleged must be sufficient to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Under Texas law, a plaintiff alleging a breach of contract must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach."[2]  *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (citing *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App. 1997).  Texas law requires that "a party generally must be a party to a contract before it can be held liable for a breach of the contract." *Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016) (citing Texas state law).

To establish that a contract formed, the pleadings must show "an offer and acceptance and a meeting of the minds on all essential terms." *Id.* (citing Texas state law).  To the extent Plaintiff's breach of contract cause of action relies on a "book account," Plaintiff must still allege an agreement between the parties.  To plead an "account stated" under Texas law, a party must allege (1) "transactions between the parties which give rise to an indebtedness of one to the other;" (2) "an agreement, express or implied, between the parties fixing the amount due;" and (3) "a promise, express or implied, by the one to be charged, to pay such indebtedness." *Dulong v. Citibank (S.D.), NA.*, 261 S.W. 3d 890, 893 (Tex. App. 2008) citations omitted).

Here, Plaintiff *still* has not clarified how the Court could construe the Complaint to plead the existence of any agreement between HCSC and SM Financial, or Neighbors, the entity whose debt SM Financial bought.  Plaintiff's opposition

---

[2] Plaintiff now concedes that "this action could have been brought in the District of Texas," so HCSC proceeds on the basis of Texas law.

-2-

simply repeats the facts from its Complaint: (1) Plaintiff purchased a "claim from the Bankruptcy Estate" of Neighbors Legacy Holdings, Inc., and (2) that there exists an "amount due from this Defendant." (Opp. at 2, ECF No. 10).

The missing link remains: Plaintiff has made no allegations whatsoever regarding what agreements HCSC or BCBSTX may have had with SM Financial, much less with each of the thirteen emergency centers named in the Bill of Sale attached to the Complaint (and reattached to the Opposition). Indeed, HCSC is not aware of any contracts with the Neighbors emergency centers or Plaintiff.

Plaintiff suggests that a "schedule of debt" it created should allow HCSC to "identify the claims" for which Plaintiff seeks $2.3 million. (Opp. at 2, ECF No. 10).[3] But to plead a breach of contract claim Plaintiff must allege facts showing that the parties had "a meeting of the minds as to the essential terms" of a contract. This schedule of debt is nothing more than Plaintiff's view of what it is owed. It does not cure the Complaint's failure to plead any contractual relationship to HCSC pursuant to which any payment is due. *Ibe*, 836 F.3d at 524 (breach of contract claim failed absent agreement between the parties) (citing Texas state law).

Moreover, Plaintiff concedes that its breach of contract claim is deficiently plead by arguing that "further discovery would certainly provide the basis for the debt." (Opp. at 8, ECF No. 10). This argument is an affront to the facial plausibility standard and should be discarded for that reason alone. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (to survive a motion to dismiss, Plaintiff must state a claim that is "plausible on its face). Plaintiff has skipped a step here: rather than *pleading the facts it hopes to prove* (i.e. a contract, a breach, damages), Plaintiff

---

[3] Additionally, this "schedule of debt" is not "attached to the Declaration" in support of its Opposition, as Plaintiff asserts. (Opp. at 2, ECF No. 10). Rather, Plaintiff has simply reattached to the Declaration the same "Bill of Sale" that Plaintiff attached to the Complaint, which does not implicate HCSC or BCBSTX. (*compare* Decl. In Support of Opp., Ex. "A," ECF No. 10-2, *with* Coml. Ex. "A," ECF No. 1-1).

-3-

DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS AND IN
OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

simply states that it hopes to prevail if it can look into the facts.  Plaintiff's burden is to provide "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the necessary elements of the cause of action.  *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321–22 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 556 (2007).  To cross the plausibility threshold, Plaintiff has to plausibly allege that a contract existed between the parties, and identify the contractual provisions that were purportedly breached.  Plaintiff has not done that in the Complaint.

 Nor is there any basis to infer from Plaintiff's allegations that any purported breach caused damage to Plaintiff.  Plaintiff's statements that over $2.3 million "is due" and that HCSC is "indebted" are not facts, but rather legal conclusions.  (Compl. at 2, ECF No. 1).   Plaintiff's failure to allege its own performance or damages for breach are sufficient grounds to dismiss the Complaint.

**B.     This Case Should Be Dismissed Because Plaintiff Concedes That This Court Lacks Personal Jurisdiction Over Defendant**

Plaintiff concedes that HCSC is not subject to personal jurisdiction in New Jersey.  Therefore, dismissal for lack of personal jurisdiction is proper.  *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 67 (3d Cir. 1984) (affirming dismissal for lack of personal jurisdiction where plaintiff failed to meet its burden to show contracts with the forum state); *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 268 (3d Cir. 1998) (same).

Plaintiff asks the Court to transfer this action to Texas, rather than dismissing it, citing three statutes.  One statute, 28 U.S.C. § 1404, only applies where venue in the transferring court is proper, which is not the case here.  *See* Fed. Proc. L. Ed.  § 1:747 ("The change of venue statute is the proper procedural tool for transferring a case only when venue is proper in the chosen district.").  The other two statutes that

-4-

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Plaintiff cites, 28 U.S.C. § 1631 and 28 U.S.C. § 1406, can be used to transfer venue where the transferring court lacks jurisdiction, but both statutes require that the transfer be "in the interests of justice" — and Plaintiff does not satisfy that requirement.

Specifically, the Third Circuit recognizes that the determination of whether to transfer or dismiss "may involve undertaking some 'limited review of the merits' of the underlying claims" because "it is not 'in the interest of justice' to transfer a claim that plainly fails." *United States v. Foy*, 803 F.3d 128, 138 (3d Cir. 2015). Where there are "substantive problems" with the claims at issue, a district court is justified in concluding that transfer is not in the interests of justice. *Buchanan v. Manley*, 145 F.3d 386, 389 n. 6 (D.C. Cir. 1998) (affirming dismissal for improper venue).

As discussed above, Plaintiff has failed to plead a facially plausible breach of contract claim. Should this Court transfer the case to Texas, HCSC will need to renew its motion to dismiss under Fifth Circuit precedent, the Texas court will need to rule on Plaintiff's deficient complaint, and Plaintiff will have to file an amended complaint. It is a more efficient use of judicial and party resources, and in the interests of justice, for the present, deficient complaint to be dismissed. *Adeleke v. United States*, 355 F.3d 144, 152 (2d Cir. 2004) (dismissing, rather than transferring case where the district court lacked jurisdiction because plaintiff "so plainly fails to allege a property right to insurance that transfer would not serve the interest of justice."); *Buchanan*, 145 F.3d at 389 n. 6 (dismissing claim instead of transferring action, where complaint does not plead a cause of action); *Lage v. Chapdelaine*, No. 3:10-CV-1030 JCH, 2010 WL 4688820, at *3 (D. Conn. Nov. 10, 2010) (dismissing claim, "transferring Lage's deficient petition could not serve 'the interest of justice,' because the transferee jurisdiction would be required to dismiss it.").

Moreover, Plaintiff concedes that it could have brought this action in Texas. (Opp. at 3, ECF No. 10). Plaintiff was well-aware that it had no basis to bring this

-5-

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

action in New Jersey, as demonstrated by the absence of any allegations of contacts with New Jersey in Plaintiff's Complaint. Plaintiff should not be rewarded for starting this action in the wrong state, and therefore, dismissal, and not transfer, serves the interests of justice. *See McFarland v. Memorex Corp.*, 493 F. Supp. 657, 659 (N.D. Cal. 1980) (dismissal, not transfer of venue, is appropriate where the "complaint has not survived motions to dismiss on the merits" and "there is no indication that plaintiff even considered the question of venue.").[4]

## CONCLUSION

The allegations in the Complaint fail to support the Court's exercise of personal jurisdiction over HCSC or sufficiently allege a single cause of action that meets federal pleading standards. At bottom, Plaintiff seeks $2.3 million in damages for breach of contract without alleging a contractual relationship. There is no allegation on the face of the Complaint, even with the arguments offered in Opposition to HCSC's motion to dismiss, to suggest that HCSC failed to pay any "agreed amount." Accordingly, HCSC respectfully requests that the Court grant this motion to dismiss in its entirety.

DATED: January 27, 2020        **REED SMITH LLP**

By   /S/ Samuel Kadosh
     Samuel Kadosh
     Attorneys for Defendant
     Health Care Service Corporation d/b/a
     Blue Cross and Blue Shield of Texas

---

[4] Should the Court nonetheless elect to transfer, the proper venue is the Dallas Division of the Northern District of Texas, the federal district embracing Richardson, Texas, where Blue Cross and Blue Shield of Texas maintains offices. (Decl. In Support of Motion to Dismiss, ECF No. 7-1); see 28 U.S.C. § 1391 (venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located").