UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SM FINANCIAL SERVICES CORPORATION, as assignee of NEIGHBORS GP, LLC *et al*<br><br>*Plaintiffs*,<br><br>VERSUS<br><br>HEALTH CARE SERVICE CORP., a Mutual Legal Reserve Company, d/b/a BLUE CROSS BLUE SHIELD OF TEXAS, *et al.*<br><br>*Defendants*. | CIVIL ACTION NO. 3:20-cv-01885-M |

**LIMITED MOTION TO AMEND ORDER FOR MEDIATION
OR, ALTERNATIVELY, TO SET TELEPHONE STATUS CONFERENCE**

NOW INTO COURT, through undersigned counsel, come Defendants Blue Cross & Blue Shield of Mississippi; Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana; Blue Cross & Blue Shield of South Carolina; Blue Cross and Blue Shield of North Carolina; Blue Cross of Idaho Health Service, Inc.; Regence BlueCross BlueShield of Utah; Regence BlueCross BlueShield of Oregon; Regence BlueShield of Washington; Capital BlueCross; Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue; Highmark, Inc. and its subsidiaries; Premera Blue Cross; USAble Mutual Insurance Company d/b/a Arkansas Blue Cross and Blue Shield; Wellmark Blue Cross and Blue Shield of Iowa; Blue Cross of California; Rocky Mountain Hospital and Medical Service, Inc.; Anthem Health Plans, Inc.; Anthem Insurance Companies, Inc.; Anthem Health Plans of Kentucky, Inc.; Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.; Community Insurance Company; Anthem Health Plans of Virginia, Inc.; HealthKeepers, Inc.; Blue Cross Blue Shield of Wisconsin; Anthem Health Plans of New Hampshire, Inc.; RightCHOICE Managed Care, Inc.; Healthy

Alliance Life Insurance Company; HMO Missouri, Inc.; Bluecross Blueshield Of Tennessee, Inc.; Blue Cross and Blue Shield of Alabama; Highmark Northeastern New York (formerly known as HealthNow New York Inc. d/b/a BlueShield of Northeastern New York); Health Care Service Corporation a Mutual Legal Reserve Company doing business as Blue Cross Blue Shield of Texas ("Undersigned Defendants") who make this limited appearance solely to request an order modifying the Court's July 1, 2022 Order directing the parties to mediation. Dkt. 139 (the "Mediation Order"). As the Undersigned Defendants have not yet joined issue, answered, or otherwise responded to the Third Consolidated and Amended Complaint (Dkt. 100), the Undersigned Defendants appear solely to address the Mediation Order. Undersigned Defendants intend to preserve, and do not waive, all defenses available to them under Rule 12 of the Federal Rules of Civil Procedure, and Undersigned Defendants specifically do not intend for this appearance to constitute a waiver of defenses pursuant to Rule 12(h).

As discussed below, Undersigned Defendants conferred with Plaintiffs' counsel and this motion is **opposed**.

Undersigned Defendants bring this motion to amend the Mediation Order to clarify certain matters presented therein. Specifically:

1.      By Plaintiffs' own admission, "[t]here are sixty-one (61) Blue Cross Blue Shield entities that are defendants in this case." Dkt. 108 at 1. These 61 defendants include Blue Cross entities from around the country. *E.g.,* Dkt. 100 ¶ 10 (describing Defendants as "corporations and citizens of states other than Texas and New Jersey.")

2.      It is not clear if every defendant in this matter has appeared, and as a result, certain defendants may not be aware of the Mediation Order. For example, it does not appear that Carefirst BCBS of Maryland or BCBS Wyoming have appeared in the litigation.

3.     The Mediation Order contemplates a single mediation.  *E.g.,* Dkt. 139 at 2 ("Counsel and parties shall proceed in a good faith effort to resolve this case and shall agree upon a date for mediation to be completed by **August 30, 2022**." (emphasis in original)).  The Mediation Order also requires each party to "appear in person."  *Id.* at 1.

4.     Requiring each of the sixty-one defendants to travel from around the country to Dallas, Texas for in-person mediation will impose substantial travel costs, not to mention create significant scheduling issues.  Undersigned Defendants propose that counsel appear in person, but that client representatives have the option to appear remotely (either by videoconference or telephone).  Remote appearances will also greatly increase the ability of the defendants to confirm a single day for a global mediation as contemplated by the Mediation Order.

5.     Undersigned Defendants further request that the Mediation Order be amended to reflect that appearing for mediation will not waive any jurisdictional defenses a defendant may present, including lack of personal jurisdictional pursuant to Rule 12(b)(2) or improper venue pursuant to Rule 12(b)(3).  Certain defendants intend to raise these defenses in motions to dismiss to be filed on or before July 21, 2022 (30 days from the Plaintiffs' status report confirming service).  *See* Dkts. 136-137.  Compliance with the Mediation Order should not risk an argument that Defendants waive these jurisdictional defenses.

6.     Undersigned Defendants also request that the Court clarify the allocation of fees.  The Mediation Order states that "[f]ees for the mediation are to be divided and borne equally by the parties."  *Id.* at 1.  Undersigned Defendants understand that statement to mean that Plaintiffs will collectively pay for half the mediation costs and defendants will collectively pay for the other half.  The Undersigned Defendants request that the Court confirm this understanding.

7. Finally, in light of the anticipated motions to dismiss and the logistics of coordinating over 60 parties for a mediation, the Undersigned Defendants request that the Court extend the mediation deadline until **September 30, 2022**. Doing so will allow the parties to brief the anticipated motions to dismiss, which will aid all parties in assessing the relative merits of the claims and the risks/costs of further litigation. Briefing will also aid the Mediator in assessing the strengths and weaknesses of the various parties' positions. The one-month extension will also provide greater scheduling flexibility in setting the global mediation.

WHEREFORE, Undersigned Defendants pray that the Court enter an order modifying the Mediation Order to address the matters raised herein. In the alternative, Undersigned Defendants request that the Court set a telephone status conference to discuss these issues.

Respectfully submitted,

*/s/ Michael C. Drew*
MICHAEL C. DREW (La Bar No. 30884)
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8318
Facsimile: (504) 589-8318
mdrew@joneswalker.com

*Attorney for Blue Cross & Blue Shield of Mississippi; Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana; Blue Cross & Blue Shield of South Carolina; Blue Cross and Blue Shield of North Carolina; Blue Cross of Idaho Health Service, Inc.; Regence BlueCross BlueShield of Utah; Regence BlueCross BlueShield of Oregon; Regence BlueShield of Washington; Capital BlueCross; Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue; Highmark, Inc. and its subsidiaries; Premera Blue Cross; USAble Mutual Insurance Company d/b/a Arkansas Blue Cross and Blue Shield; and Wellmark Blue Cross and Blue Shield of Iowa;*

*/s/ Thomas F. A. Hetherington*
Amy B. Boyea
Texas Bar No. 24026910
MCDOWELL HETHERINGTON LLP
1000 Ballpark Way, Suite 209
Arlington, Texas 76011
Telephone: (817) 635-7300
Facsimile: (817) 635-7308
Email: Amy.Boyea@mhllp.com

-and-

Thomas F. A. Hetherington
Texas Bar No. 24007359
Elizabeth P. Wroblewski
Texas Bar No. 24115966
MCDOWELL HETHERINGTON LLP 1001
Fannin Street, Suite 2700 Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
Tom.Hetherington@mhllp.com
Elizabeth.Wroblewski@mhllp.com

**Attorneys for Anthem Defendants**

OF COUNSEL:

HUNTON ANDREWS KURTH LLP
        and
BRIDGET B. VICK
State Bar No. 24069444
bridgetvick@huntonak.com
and
COURTNEY B. GLASER
State Bar No. 24059824
cglaser@huntonak.com
        and
TONYA M. GRAY
State Bar No. 24012726
tonyagray@huntonak.com
1445 Ross Ave., Suite 3700
Dallas, Texas 75202
Telephone: (214) 979-3000
Telecopier: (214) 880-0011

*/s/John B. Shely*
JOHN B. SHELY

State Bar No. 18215300
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4105
Telecopier: (713) 220-4285
jshely@huntonak.com

*Attorneys for Defendant Bluecross Blueshield of Tennessee, Inc.*

*/s/ Jonathan M. Herman*
Jonathan M. Herman (TX Bar No. 24052690)
Charles W. Hill (TX Bar No. 24063885)
HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Dallas, Texas 75201
Telephone: (214) 624-9805
Facsimile: (469) 383-3469
jherman@herman-lawfirm.com
chill@herman-lawfirm.com

*Counsel for Defendants Blue Cross and Blue Shield of Alabama and Highmark Blue Shield of Northeastern New York*

*/s/ Martin James Bishop*
Martin James Bishop
Reed Smith LLP
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
469-680-4200
Fax: 469-680-4299
Email: mbishop@reedsmith.com

Alexandra M Lucas
Reed Smith LLP
10 S Wacker Drive
40th Floor
Chicago, IL 60606
312-207-2425
Fax: 312-207-6400
Email: alucas@reedsmith.com
PRO HAC VICE

        Thomas C Hardy  
        Reed Smith LLP  
        10 South Wacker Drive  
        40th Floor  
        Chicago, IL 60606  
        312-207-2427  
        Fax: 312-207-6400  
        Email: thardy@reedsmith.com  
        PRO HAC VICE

*Attorneys for Health Care Service Corporation a Mutual Legal Reserve Company doing business as Blue Cross Blue Shield of Texas*

## CERTIFICATE OF CONFERENCE

On July 8, 2022, Thomas Hardy, counsel for Health Care Service Corporation, conferred via telephone with Matthew Fronda, counsel for Plaintiffs, to discuss the matters raised herein. Mr. Hardy spoke on behalf of all Undersigned Defendants. On July 11, 2022, Mr. Fronda informed Mr. Hardy that Plaintiffs would not agree to modification of the Mediation Order.

CERTIFIED to this 3rd day of June, 2022.

        */s/ Michael C. Drew*